IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHAWN P. MCCLANAHAN                                                              PLAINTIFF

v.                              CIVIL NO. 22-5050

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                   DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Shawn P. McClanahan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on September 26, 2019, alleging an inability to work since May 3, 2016, due to severe back pain, blood in his urine, a tumor in his colon, gastroparesis, diarrhea, vomiting, cramps, an overactive thyroid, left knee pain and chronic headaches. (Tr. 64, 206, 215). An administrative telephonic hearing was held on March 16, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 33-58).

1

By written decision dated May 6, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: osteoarthrosis, migraines, depression and anxiety. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he cannot climb ropes, ladders, or scaffolds; can occasionally climbs (sic) stairs and ramps; can occasionally balance, crawl, kneel, stoop, and crouch; can frequently finger, handle, and reach bilaterally; and must avoid hazards, including moving machinery and unprotected heights, no driving as part of his job duties, and no carrying of a firearm. In addition, he is limited to work involving simple, routine, and repetitive tasks; can occasionally interact with co-workers and the public; and can respond to supervision that is simple, direct, and concrete.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small product assembler, a merchandise marker and a warehouse checker. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on January 19, 2022. (Tr. 1). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 15, 20).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II. Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial

evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. 20 C.F.R. §§ 404.1520 416.920.

**III.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. (ECF No. 15). Specifically, Plaintiff claims: A) The ALJ erred in failing to fully and fairly develop the record; B) The ALJ erred at Steps Two and Three; and C) The ALJ erred at Steps Four and Five in his residual functional capacity determination. *Id.* In response, Defendant argues the ALJ did not err in any of his findings. (ECF No. 20). Upon review of Plaintiff's second argument, the Court finds it is merited, and this case should be remanded on this basis.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen*, 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert*, 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue*, 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue*, 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should

4

have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola, 480 F.3d at 887*.

In this case, Plaintiff alleged being disabled due to, among other things, a seizure disorder, which the ALJ determined was non-severe. (Tr. 14). However, the medical records show Plaintiff underwent a MRI of the brain on February 26, 2020, that revealed right mesial temporal sclerosis.[1] (Tr. 1355). Plaintiff reported that he continued to experience seizure activity throughout 2020 and into 2021. (Tr. 1347, 1350, 1379, 1383, 1395, 1413, 1431, 1489, 1522). Plaintiff also reported he had started experiencing memory problems in late 2020. (Tr. 1397). Furthermore, at the telephonic administrative hearing held on March 16, 2021, Plaintiff testified he continued to experience about eight seizures a month and could no longer drive or babysit his grandson because of his seizures and memory problems. (Tr. 47, 50).

As recognized above, the standard for determining whether an impairment is severe is a low standard. Based upon the record, Plaintiff has presented sufficient evidence demonstrating his seizure disorder meets that standard. Thus, this case must be reversed and remanded for further consideration of this issue.

While on remand, the ALJ is also directed to state the level of persuasiveness given to Dr. D. Luke Knox's, March 17, 2021, recommendation that Plaintiff refrain from lifting more than ten pounds. (Tr. 1516). The regulations provide that the ALJ "will explain how [he] considered the supportability and consistency factors for a medical source's opinions in [the] ... decision." 20 C.F.R. § 404.1520c(b)(2) (emphasis added); 20 C.F.R. § 416.920c(b)(2) (same); *see, e.g., Bonnett*

---

[1] Mesial temporal sclerosis (MTS) is a term used to describe scarring in the deep part of the temporal lobe of the brain. MTS is the most common cause of structural epilepsy and focal seizures. *See* https://www.epilepsy.com/causes/structural/mesial-temporal-sclerosis.

*v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (per curiam) ("ALJ must explain how both supportability and consistency factors are considered").

IV.   **Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of May 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE